LAWRENCE A. LeBROCQ, ESQ., Attorney of Record
N.J. Attorney Id No.: 011681989
RALPH G. CRETELLA, IV ESQ., Filing Attorney
N.J. Attorney Id No.: 212502017
GARCES, GRABLER & LeBROCQ, P.C.
235 Livingston Avenue
New Brunswick, New Jersey 08901
Tel: 732-249-1300
Attorneys for Plaintiff

FILED

May 13, 2022

HONORABLE BRUCE J. KAPLAN, J.S.C.

| ANA E. RUIZ<br><br>Plaintiffs,<br><br>-vs-<br><br>FEDEX GROUND, INC; FEDEX GROUND'S RISK MANAGEMENT DEPARTMENT; FEDERAL EXPRESS GROUND; PROTECTIVE INSURANCE COMPANY; JOHN DOES (1-100) (fictitious names) and A.B.C. COMPANIES (1-100) (fictitious entities<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION/MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-3421-21<br><br>Civil Action<br><br>ORDER |
|---|---|

**THIS MATTER** having been opened to the Court by Ralph G. Cretella, IV, Esq., of the law firm of Garces, Grabler & LeBrocq, P.C. appearing as attorney for Plaintiff, Ana Ruiz, for an order permitting Plaintiff leave to file and serve an Amended Complaint naming Jones Brunswick, LLC as a direct defendant, and the Court having read and considered the papers submitted in this matter, and for good cause having been shown;

**IT IS** on this 13th day of May, 2022,

**ORDERED** that Plaintiff is hereby granted leave to file and serve an Amended Complaint (bearing Docket No. MID-L-3421-21), in the form annexed to the moving papers, to name Jones Brunswick, LLC as a direct defendant in this matter within ten (10) days of the date of this Order; and it is further

1

**ORDERED** that Plaintiff's Counsel shall serve, or make available, a copy of all discovery materials within twenty (20) days after the service of the new party's initial pleading pursuant to R. 4:21-1(b); and it is further

**ORDERED** that the discovery end date is hereby extended sixty (60) days pursuant to R. 4:24-1(b) from August 25, 2022, to October 24, 2022; and it is further

**ORDERED** that service of this Order shall be deemed effectuated upon all parties upon its upload to eCourts. Pursuant to R. 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven (7) days of the entry of the Order.

*s/Bruce J. Kaplan*<br>HONORABLE BRUCE J. KAPLAN, J.S.C.

**UNOPPOSED**

R. 4:9-1 provides that "a party may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice." Nevertheless, while leave is to be freely granted, there is an "area of judicial discretion in denying such motions where the interests of justice require." Brower v. Gonnella, 222 N.J. Super. 75, 80 (App. Div. 1987) (quoting Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277, 299 (App. Div. 1977), certif. denied 75 N.J. 528). Based on the certification provided, the Court finds this motion should be granted in the interest of justice.

Accordingly, Plaintiff's motion is hereby GRANTED.

LAWRENCE A. LeBROCQ, ESQ., Attorney of Record
Attorney I.D. No: 011681989
RALPH G. CRETELLA, IV. ESQ., Filing Attorney
Attorney I.D. No: 212502017
GARCES, GRABLER & LeBROCQ, P.C.
235 Livingston Avenue
New Brunswick, NJ 08901
(732) 249-1300
Attorneys for Plaintiff
Our File No. 291253

| | |
|---|---|
| ANA E. RUIZ,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**FEDEX GROUND PACKAGE SYSTEM, INC. i/p/a as FEDEX GROUND, INC; FEDEX GROUND'S RISK MANAGEMENT DEPARTMENT; FEDERAL EXPRESS GROUND; JONES BRUNSWICK, LLC; JOHN DOES (1-100) (fictitious names) and A.B.C. COMPANIES (1-100) (fictitious entities)**<br><br>**Defendants** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-3421-21<br><br>*Civil Action*<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

The Plaintiffs, **ANA E. RUIZ,** his wife, by way of Complaint against the Defendants, hereby alleges and states:

## FIRST COUNT

1. At all times relevant to the matters set forth herein, the Plaintiffs, **ANA E. RUIZ,** resides in the Community of East Windsor, County of Mercer and State of New Jersey.

2. At all times relevant to the matters set forth herein, the Defendants, **FEDEX GROUND PACKAGE SYSTEM, INC. i/p/a as FEDEX GROUND, INC; FEDEX GROUND'S RISK MANAGEMENT DEPARTMENT; FEDERAL EXPRESS GROUND; JONES BRUNSWICK, LLC;** are duly licensed companies and/or individual owners authorized to do business in the State of New Jersey, that own and/or control the

business locations and/or parking lot in the County of Middlesex and State of New Jersey.

3. At all times mentioned herein and prior thereto, the Defendants, A.B.C. COMPANIES (1-100), are fictional Defendants designated as other corporations, partnerships, proprietorships, or other business entities responsible, individually and/or jointly or severally, or by their agents, servants, and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid premises, located at 63 Stults Rd, in the Community of Dayton, in the County of Middlesex and State of New Jersey, together with its parking areas and lots, aisles, stairs, sidewalks, walkways, passageways, and appurtenances thereto.

4. At all times mentioned herein and prior thereto, the Defendants, JOHN DOES (1-100), are fictional Defendants designated as other individuals responsible, individually and/or jointly or severally, or by their agents, servants, and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid premises, located at 63 Stults Rd, in the Community of Dayton, in the County of Middlesex and State of New Jersey, together with its parking areas and lots, aisles, stairs, sidewalks, walkways, passageways, and appurtenances thereto.

5. At all times mentioned herein and prior thereto, the Defendants owned, designed, constructed, repaired, operated, controlled, managed, inspected, maintained, and/or supervised the premises located at 63 Stults Rd, in the Community of Dayton, in the County of Middlesex and State of New Jersey, together with its parking areas and lots, aisles, stairs, sidewalks, walkways, passageways, and appurtenances thereto.

6. On or about July 9, 2019, the Plaintiff, **ANA E. RUIZ**, while in the course of her employment, was lawfully doing a safety inspection of a loading truck before entering the property and or parking lot of defendant(s) **FEDEX GROUND PACKAGE SYSTEM, INC. i/p/a as FEDEX GROUND, INC; FEDEX GROUND'S RISK MANAGEMENT DEPARTMENT; FEDERAL EXPRESS GROUND**, AND **JONES BRUNSWICK, LLC;** was caused to trip and fall down when her foot and/or leg struck a broken pavement, resulting in her sustaining both personal injuries and economic damages.

7. The dangerous and defective condition of the premises where Plaintiff was injured had existed for an appreciable time, was created by the Defendants, and constituted an unreasonable risk of harm to persons, including Plaintiff, standing and/or walking near it. No notice of the condition was given to Plaintiff by any means and no warning or caution sign was posted at any place in the area of the pavement in the parking area, or on the aisle and/or walkway or elsewhere respecting the dangerous and defective condition.

8. At the same time and place, the Defendants by and through themselves, their agents, servants and employees were careless, reckless and negligent in that they:

   a. Failed to properly design, construct, repair, operate, control, manage, inspect, maintain, and/or supervise the aforesaid premises, the subject area and pavement in the parking lot, as well as the parking area, aisles, sidewalks, walkways, and passageways and/or stairs and/or steps

   b. Failed to properly design, construct, repair, operate, control, secure, manage, inspect, maintain, and/or supervise the aforesaid premises, parking areas, aisles and its sidewalks, walkways, and passageways, stairs and/or steps, within the premises in conformity with the Basic

  National Building Code, National Bureau of Standards, or the NFIPA Life Safety Code;

c. Permitted the utilization of faulty pavement and faulty installation of pavement in or by the subject area, parking lot, aisle(s), sidewalk and/or walkway and/or stairs and/or steps to exist within the premises;

d. Failed to keep the premises, and its parking areas, aisles, sidewalks, walkways, passageways, stairs and/or steps in a reasonably safe condition;

e. Failed to exercise reasonable care for the safety of the Plaintiff and/or any other persons on the property;

f. Allowed a dangerous and hazardous condition to exist within the premises and/or on the property, including the subject area and its parking lots, aisles, sidewalks, walkways, stairs and/or steps and passageways;

g. Allowed a nuisance to exist on the premises;

h. Failed to provide proper safe guards and warnings for persons lawfully on the premises;

i. Failed to provide proper supervision to Plaintiff while lawfully on the premises;

j. Failed to provide proper, safe and clear access for persons allowed to use the property, including its parking areas, aisles, sidewalks, walkways, stairs and/or steps and passageways;

k. Created the dangerous condition; and

l. Were otherwise careless, reckless and negligent.

9. The aforesaid conditions then and there existing on said premises occurred as a

direct and proximate result of the negligence and carelessness by the Defendants.

10. As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants, the Plaintiff was caused to fall and sustained severe, painful, disabling, and permanent injuries to her body, which injuries necessitated obtaining medical treatment and surgery; was compelled and shall in the future be compelled to expend large sums of money for medical care and attention, as well as endure great physical and emotional pain, suffering, disability, stress, anxiety, depression, inconvenience, and distress; is prevented from pursuing and enjoying her usual family activities, attending to her duties and chores and from assuming employment and her earning power has been materially and adversely affected; and was otherwise damaged.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, individually, jointly and severally, for damages, interest, together with costs, attorney fees and such other further relief as the Court may deem just and appropriate.

## SECOND COUNT

1. Plaintiff repeats and reiterates the allegations contained in the prior and subsequent counts of the Complaint as if set forth at length.

2. If some defendant(s) may be deemed to have no legal liability, such as perhaps, being deemed the employer(s) of plaintiff at the time of the incident, who duly maintained workers compensation insurance and are protected from tort liability under the exclusive remedy provisions of the New Jersey Worker's Compensation Act, or otherwise, then it is alleged these defendants are in the exclusive possession of documents, information and/or other evidence relevant to facts at issue in this case and seek to remain as a defendant in this alternative capacity for purposes of discovery of

the aforesaid information and evidence.

**WHEREFORE**, plaintiff(s) demand(s) judgment against all defendants, jointly and/or severally for compensatory damages in an amount to be determined at trial; punitive damages; attorneys' fees and costs and for such other relief as the Court deems appropriate.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all of the triable issues of this Complaint, pursuant to Rule 1:8-2(b) and Rule 4:35-1(a).

## CERTIFICATION OF NON-PENDENCY

Pursuant to Rule 4:5-1, I hereby certify that to the best of my knowledge, the above captioned matter is not the subject of any other pending action in any Court or of a pending arbitration proceeding. I hereby certify that no other action or arbitration is being contemplated by the Plaintiffs. Other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that **LAWRENCE A. LeBROCQ, ESQ.**, of the law office of GARCES, GRABLER & LeBROCQ, P.C., is hereby designated as trial counsel in the above-captioned matter pursuant to *Rule 4:25-4.*

6

## DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Instagram, Twitter, Snapchat, etc.) and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## DEMAND FOR PLEADINGS/DISCOVERY

TAKE NOTICE that the undersigned attorney(s), counsel for the Plaintiff(s), hereby demands pursuant to Rules 1:5-1(a); 4:17-2(b)(i) and 4:17-4(c), that each party herein provide any and all such pleadings and answered Interrogatories received from any party including any documents, papers and other materials referred to herein, upon the undersigned attorney, and answer Form C and Form C(2) Interrogatories of Appendix II of the N.J. Rules of Court; and TAKE NOTICE this is a continuing demand.

7

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R 4:10-2(b) state whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Attached a copy of each insurance policy or in the alternative state:

A. Name and address of insurer or issuer;

B. Policy name;

C. Date of inception and expiration of coverage;

D. Names and addresses of all persons insured thereunder;

E. Name and address of person who has custody and possession of policy.

## DEMAND FOR DOCUMENTS

1. Please provide true copies of the communications, reports, records, notes, and other documents of any and all experts who have received any aspect of this case on behalf of defendant or defendant's attorneys and who are proposed expert witnesses on behalf of defendant in this matter. This request includes, but is not limited to, true copies of any reports of tests and experiments conducted for this case.

2. Medical Records of Plaintiff.

    (a) Records of evaluations and treatment.

    (b) Costs of medical treatment and diagnosis.

    (c) Hospital and Emergency Room Records.

    (d) Insurance Files or materials of any type whatsoever, including Central Index Bureau (C.I.B.) searches or photocopies thereof, in the possession of defendant, or their attorney in regard to plaintiff.

3. Documents verifying the nature of the weather and/or accident cite conditions immediately prior to the point in time of the accident.

4. Any and all invoices, repair bills, appraisals, or any other documentary evidence demonstrating any damage and/or repairs to any vehicle involved in the accident (if applicable).

5. Any and all expert reports on the issues of damages or liability. The reports, materials, items and all other things created, examined or reviewed with reference to the above referred incident, or any and all experts who have received any aspect of this case on behalf of plaintiff or plaintiff's attorneys and who are proposed expert witnesses on behalf of plaintiff in this matter and who have submitted a report to either plaintiff or plaintiff's attorney. The original or copies of all articles, publications, or writings authored or co-authored by the expert or toward which the expert contributed in any way. A list of all research resources that the expert consulted or reviewed in reference to forming any opinion on the above entitled cause of action. The original or copies of any medical records, reports, memoranda, books, treaties, papers, other documents, or effects that the expert consulted or reviewed that contributed to any aspect of any opinion the expert formed for this case. The original or an exact copy of everything provided to the expert for this case by anybody especially the defendant or the defendant's attorney, agents, servants or assigns. Every tangible thing that the expert has created, constructed, or experimented with or that was employed in any way to assist the expert in creating or explaining any belief, opinion, testimony or evidence that may be involved in this case. All billings, invoices, and timekeeping records for all fees charges or to be charged in reference to this case, also, all fee agreements, arrangements, or descriptions. Curriculum Vitae, resume or other document that reflects the expert's qualifications and any other document that reflects the expert's

9

qualifications and any document that describes or explains the expert's billing procedures, amounts, and methods of payment.

6. Any and all statements taken of any party or witness to this suit, whether written or oral (if oral, set forth the names and address of the witness making such statement).

7. All documents between you and any party herein that discusses or in any other way relates to the issues raised in this litigation regardless of whether such documents were initiated by you or by such other party or parties.

8. All documents between you and any other person that discusses or in any other way related to the issues raised in this litigation regardless of whether such documents were initiated by you or by such other person.

9. All documents generated by you that discuss or in any other way is relevant to the issues raised in this litigation.

10. Any and all photographs, videotapes, movies, drawings, sketches, charts, X-rays, MRI, CAT Scans or other radiological films, tape recordings, voice recordings, maps, or reproductions of any nature whatsoever that were made with respect to anything regarding the subject matter of this litigation. State the identity of the party, the date made, the location of the document, and the name, address, and phone number of the custodian of same. Annex copies of same unless specifically prohibited by law, and if prohibited, cite regulation including section and subsection.

11. Copies of your answers to Interrogatories served in this action by any other party;

12. Copies of any other party's answers to Interrogatories served upon them by you.

13. The entire claims filed relating to plaintiff's claim, including but not limited to the entire PIP file (if applicable.)

14. Copies of any leases and policies of insurance issued to you which were in effect on the date of the accident as alleged in the Complaint.

10

15. Copies of declaration pages of the policies of insurance issued to you which were in effect on the date of the accident as alleged in the Complaint.

16. Copies of any written contract between the parties and copies of all written work orders executed subsequent to the signing of the contract.

17. Police Investigation Reports and/or incident or miscellaneous reports pertaining to this accident.

18. Transcripts of any Court Proceedings.

19. Any and all documentary evidence which will be introduced for any reason at the time of trial.

20. Any and all documents demonstrating any other claims or suits arising out of this same accident or regarding the same premises, including but not limited to copies of each and every pleading, interrogatories and answers, transcripts of oral depositions, notice to take oral depositions, and Orders.

Failure to provide the above within the thirty (30) day period required by **Rule 4:18-1** will result in counsel for plaintiff applying to the Court for the appropriate sanctions, including but not limited to counsel fees and costs, precluding the use of any of the requested documents, as well as an Order, barring Defendants' defenses and striking their answer.

GARCES, GRABLER & LeBROCQ
Attorneys for Plaintiff

By: _____
RALPH G. CRETELLA, IV. ESQ.

Dated: April 26, 2022

11